UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff

v.                                                                                                               No. CR 10-334 MCA

**JOSE BELTRAN-LOPEZ and**

**GUILLERMO BELTRAN-LOPEZ**

      Defendants.

**ORDER**

      **THIS MATTER** is before the Court on *Defendants' Joint Motion For Production Of Specific Documentary Evidence* [Doc 55], filed on June 11, 2010.  Having fully considered the pleadings of record, the applicable law, the evidence and arguments of counsel, and otherwise being fully advised in the premises, the Court denies the *Motion*.

      In their *Motion*, Defendants contend that the affidavit for the search warrant, which was produced in discovery, is redacted such that Defendants cannot determine whether probable cause existed for the search of Defendants' residence.  [Id. at 1]  Defendants request that the Court order the Government to produce the unredacted affidavit.  The Government responds that the redacted portions of the affidavit account for two sentences and eleven words of the affidavit and that the redacted information would essentially reveal the identity of the CI.  [Doc 58 at 4]  After requesting that the parties produce the redacted affidavit and reviewing it, the Court finds that the small amount of information that has been deleted from the document is related solely to the identity of the informant.

Our Circuit has explained that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." United States v. Mathis, 357 F.3d 1200, 1208 (10th Cir. 2004) (internal quotation marks and citation omitted). The court went on to explain that "[m]ere speculation about the usefulness of an informant's testimony is not sufficient to warrant disclosure." Id. (alteration in original) (internal quotation marks and citation omitted).

Defendants do not specifically request the identity of the CI. They have not, however, disputed the Government's position that the redacted information relates solely to the identity of the CI. Under these circumstances, Defendants are not entitled to an unredacted affidavit. They have not shown that the identity of the informant will be specifically useful to their defense. See United States v. Leahy, 47 F.3d 396, 399 (10th Cir. 1995) (holding that the defendant "established no imperative for revealing the CI's identity").

### III,   CONCLUSION

For the foregoing reasons, Defendants have failed to establish how the identity of the confidential informant, and thereby the redacted portions of the affidavit, will contribute meaningfully to their defense.

**IT IS THEREFORE ORDERED** that *Defendants' Joint Motion For Production Of Specific Documentary Evidence* [Doc 55] is **DENIED**.

**SO ORDERED** this 3rd day of August, 2010, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge